**FUIMAONO and LEOTA LEULUA'IALII, Plaintiffs**

**v.**

**TUPO, Defendant and E. W. GURR, Guardian of Fanua E. Gurr and Her Children, and Representing Seumanutafa, Intervenor**

No. 20-1912

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Leto'i" and "Matavai" in Maloata Valley, Tutuila]

December 19, 1912

W. H. ATKINSON, Asst. Paymaster, U.S.N., *Senior Member;* J. L. DWYER, *Associate Member;* and TUIASO-SOPO, *Associate Member*

Fuimaono and Leota Leulua'ialii of the village of Aoloau filed the complaint in this case against Tupo of the village of Solosolo, Upolu, claiming ownership of the lands "Leto'i" and "Matavai" and averring that Tupo has wrongfully attempted to dispose of them to Mr. E. W. Gurr. Mr. E. W. Gurr was permitted to intervene as guardian of Fanua E. Gurr and her children in order to protect the rights secured by Seumanutafa and Fanua in High Court Case No. 5, 1903, which provides in the fifth paragraph of the decree of May 9th, 1903:—

"That Loa, Moi, Faletogo, Leutele, Fuimaono, Fuga, and Leulua'ialii, for themselves and their successors execute a quit-claim of all their joint and separate interests in said land in favor of Seumanutafa and Fanua."

Plaintiffs claimed that the lands "Leto'i" and "Matavai" were the lands of Leota Leulua'ialii, and that Fuimaono had control of the lands of that name in Tutuila; they admit that the lands adjoin Mr. Gurr's lands in the valley of Maloata. Defendant, Tupo, contends that he controls the lands of the name of Leota Leulua'ialii in Tutuila; he admits that the lands "Leto'i" and "Matavai" are held in the name of Leota Leulua'ialii, and admits that they adjoin other lands of Mr. Gurr in the valley of Maloata. The plaintiffs claim that the lands "Leto'i" and "Matavai" were not included in the lands in controversy in the trial of 1903, while defendant Tupo contends that the lands were included in the controversy in 1903.

The plaintiff styling himself "Leota Leulua'ialii" has no standing whatsoever in this case. The Register of "Matais" discloses the fact that he was registered as "Leota" in 1906. The distinguishing name "Leulua'ialii" seems to have been added for the purpose of this trial.

At the beginning of the trial, this Court held that the decree of May 9th, 1903, would not be changed by this

Court. Evidence was taken by this Court to enable it to determine two doubtful points in the decree of 1903:—

1. The first paragraph of the findings of the Court in the 1903 case is as follows:—

"That Leota Leulua'ialii is the proprietor of all that portion of land claimed by the plaintiffs herein, and situated inland of a line drawn from the place called Silimosi and extending west to the place called Mataiupolu, subject to an adjustment of the boundaries of the said lands of Leulua'ialii with the proprietors of the adjoining lands."

Plaintiffs claimed that the land "Leto'i" and "Matavai" were not included in the "land claimed by plaintiffs" Fatialofa and Isaia in the 1903 case. Defendant Tupo claimed that they were so included.

2. The fourth paragraph of the decree of 1903 provided:—

"That Leulua'ialii have judgment for the amount of the proceeds of the sale of the lands lying south of said line from Silimosi to Mataiupolu."

and the fifth paragraph provided that Leulua'ialii should execute a quit-claim to Seumanutafa and Fanua, as quoted in the first paragraph of this decision. The plaintiffs in this case contend that Fuimaono was the Leulua'ialii mentioned, and that only Fuimaono or his assign could sign the quit-claim deed. Defendant Tupo claims that he is the person mentioned as Leulua'ialii, and that only he can sign the quit-claim deed and receive the proceeds.

As to the above points, the intervenor, Mr. E. W. Gurr, contends that the lands "Leto'i" and "Matavai" were included in the controversy of 1903; that they are part of the lands which the Court ordered to be transferred to Seumanutafa and Fanua. He further contends that Tupo is the person mentioned in the decree as Leota Leulua'ialii, and states that in pursuance of the decree, he has already paid Tupo two hundred and twenty dollars on account, which payment Tupo acknowledges.

This Court finds that in the trial of 1903, Fatialofa and others, the plaintiffs, claimed the entire valley of Maloata. Their claim was rejected as being "without foundation or color of title," but the High Court in that case divided the property claimed by them into two general divisions:—

1. That portion of the land claimed by plaintiffs situated inland or south of a line drawn from the place called Silimosi and extending west to a place called Mataiupolu, which was awarded to Leota Leulua'ialii.

2. That portion of the land claimed by plaintiffs lying north or to the seaward of said line, extending to the seashore, which was awarded to Loa, Moi, Faletogo, Leutele, Fuimaono (the present plaintiff) and Fuga.

The first division only is in dispute in this case, but the award of the Court in the second division shows that Fuimaono was present at the trial and was awarded certain interests in the seashore lands.

This Court is of the opinion that the lands "Leto'i" and "Matavai" were included in the controversy in 1903, that they were claimed by the plaintiffs Fatialofa and others in the previous trial, and that they were included in the first division of lands in the Court's decree, awarded to Leota Leulua'ialii.

The defendant Tupo is a descendant of the original Leota Leulua'ialii of Solosolo, Upolu. At the trial in 1903, he was recognized by the Court as Leota Leulua'ialii of Solosolo. The plaintiff in this action, Fuimaono, who claims the rights of Leota Leulua'ialii was also present at the trial in 1903, and made no objection while Tupo asserted his claim as Leota Leulua'ialii. Fuimaono's contention in this trial that Tupo was a mere figurehead, appointed secretly by Fuimaono to act as Leota Leulua'ialii is incredible in view of Tupo's close connection with the name, and Tupo's conduct of the case as an Upolu claimant.

Under the decision, Tupo was the only person to whom Seumanutafa and Fanua could safely pay over moneys for the lands of Leota Leulua'ialii; and although Tupo has openly admitted in this trial his intention to deceive the Court in the former trial in re the birthplace of his mother, and he has been punished in this trial for contempt for attempting to give evasive answers after due warning had been given him, this Court cannot deprive him of any rights granted to him in the decree of 1903.

The Court finds that the name "Leota Leulua'ialii" or "Leulua'ialii" whenever it is used in the decree issued May 9th, 1903, refers to the defendant Tupo; that Tupo is the only person authorized to receive the money due to Leota Leulua'ialii or Leulua'ialii in that decree; and that the defendant Tupo is the only person who can legally quit-claim the property of Leota Leulua'ialii or Leulua'ialii as ordered by said decree.

The Court finds that Tupo and Mr. E. W. Gurr have been guilty of laches in delaying obedience to the decree of the High Court in 1903, and will assess each of them with a share of the costs of these proceedings.

Costs are assessed at $150.00, apportioned as follows:—

| | |
|---|---|
| Plaintiff, Fuimaono | $50.00 |
| Plaintiff, Leota Leulua'ialii | 25.00 |
| Defendant, Tupo | 50.00 |
| Intervenor, E. W. Gurr, as guardian and representative | 25.00 |
| | $150.00 |